

108

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John H. Winters
State Department of Public Welfare
Austin, Texas

Dear Mr. Winters:            Opinion No. O-7434

                    Re: Residence requirements of the
                    wife of a veteran of World War II
                    by the Department of Public Welfare.

        We have given careful consideration to your letter,
which reads as follows:

        "Section 4(7) of House Bill 411, Acts of the
    47th Legislature, Regular Session, provides that
    the employees of the Department of Public Welfare
    shall have been residents of the State of Texas
    for a period of at least four years preceding
    their appointment.

        "In opinion No. O-6074 rendered by your De-
    partment on September 13, 1944 you gave us an in-
    terpretation of the type of residence required of
    employees.  Reference is made to this opinion. We
    would like to submit the following facts for your
    consideration.

        "The Department is receiving numerous requests
    for employment from the wives of World War II veter-
    ans for stenographic and clerical positions.  In
    many instances the veteran was a life long resident
    of the State of Texas.  He left the State when in-
    ducted into service, and during his training in a
    camp in another State he married a girl who was liv-
    ing in the other State and had been a resident of
    that State.  When the veteran left the State of
    Texas he at all times planned to return to the
    State when his service in the military forces termi-
    nated.  At the time of the marriage it was their in-
    tention to make Texas their permanent place of resi-
    dence upon his discharge, but due to his transfer to
    camps in States other than Texas and overseas duty,
    his wife did not come to the State of Texas to live
    until he was discharged.

O COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John H. Winters - page 2

"If the veteran and his wife have been married for a period of four years, could the Department of Public Welfare consider that she meets the residence requirement by reason of her marriage to a Texas resident and their intent to make Texas their home?

"Your consideration and opinion will be appreciated."

The general rule is that the domicile of the husband is the domicile of the wife. In Speer's Law of Marital Rights, page 95, the rule is stated as follows:

"***. It is the general rule that the domicil of the husband is the domicil of the wife. Her domicil is drawn to and follows his, and he has the right to select it; and when selected by him it is her duty to follow, and her refusal without sufficient excuse amounts to desertion. This power of the husband to select the domicil is not, however, an arbitrary one, but due regard is to be had to the wife's health, comfort, reputation, etc. The fact, that the wife may be absent from the home due to her confinement in an insane asylum will not affect the husband's power during such confinement to change the family residence. A change of domicil under such circumstances, if done in good faith, will undoubtedly be binding upon all parties."

The words "domicile" and "residence" are many times used synonymously, and many times as meaning a different status. It is difficult to always ascertain what was the legislative intent in passing statutes where the question of residence and/or domicile is involved.

Section 4(7) of House Bill 611, passed by the Legislature in 1941, provides specifically that all employees of the Department of Public Welfare shall have been residents of the State of Texas for a period of at least four years next preceding their appointment.

In Schwartz v. West, 94 S. W. 392, the court had before it the question of where the residence was of a wife who

had been confined in a State institution for a long number of years. The record in said case reveals that when she was adjudged of unsound mind and committed to the institution, she and her husband were residents of and living in Bosque County where they owned their home. After she was committed to the institution the husband sold the home in Bosque County and moved to Hamilton County, where he died. In administering the estate of the insane wife the question of her residence was primarily involved. In its opinion the court held that the husband had the right to change the domicile and residence of his insane wife, and held that the wife's residence was changed, as a matter of law, from Bosque to Hamilton County, and in so holding, used the following language:

> "***. We are of the opinion that the county court of Hamilton county had jurisdiction over the person and estate of Mrs. Luedthke, although she at the time was an adjudged lunatic, confined in the asylum at San Antonio. It appears from the facts that at the time she was adjudged a lunatic she and her husband resided in Bosque County, but he afterwards removed to Hamilton County, where the land in controversy is situated. In the absence of separation, the residence of the husband is the residence of the wife, and we think that the mere fact that Mrs. Luedthke was confined in the asylum at San Antonio did not make that county her place of residence."

In our Opinion No. O-6074, a copy of which you have, you submitted to us several hypothetical state of facts, and ask for our opinion as to whether the parties would be eligible for employment in your department in virtue of this four-year limitation statute. Questions 5 and 6 in said opinion read as follows:

> "5. Could the Public Welfare Department consider that a minor, whose parents are legal residents of the State of Texas, has fulfilled the residence requirement when the minor has been absent from the State continuously attending school or working for the four year period with only infrequent visits with her parents, residence being claimed solely on the basis that she acquired the residence of her parents.

Honorable John H. Winters - page 4

"6. If the minor had never actually lived
in this State with her parents prior to going to
school or accepting employment outside the State,
would this make any difference in the decision?"

In holding that the minor described in said two ques-
tions was a resident of Texas, within the contemplation of the
statute involved, we used the following language:

"We restate the facts involved in your fifth
question. A minor whose parents are legal resi-
dents of Texas, claims residence in Texas solely
on the basis that she acquired the residence of
her parents. This minor has been absent from
the State continuously attending school or work-
ing for the four year period with only infrequent
visits with her parents.

"Generally a person who is under the power
and authority of another possesses no right to
choose a domicile. Thus the domicile of a minor
child is always that of the father, and necessari-
ly changes with any change of the father's domi-
cile. Cases cited 15 Tex. Juris. p. 715. (R.C.L.
p. 547 #10). And a student who goes to a univer-
sity, school or college is deemed to have retain-
ed his former domicile unless he shows an inten-
tion to make a change to the place in which the
institution is located. See 9 R.C.L.p.552,#15.
In view of the foregoing we are of the opinion
that the minor in question has fulfilled the
residence requirements.

"With reference to your last question, it is
our opinion that as a minor's domicile is that of
the father's a minor has complied with the resi-
dence statute, supra, though the minor has never
actually lived with the parents in Texas before
going to school or working outside the State, if
the parents have been domiciled in this State for
four years next preceding the appointment."

It is our opinion that the same rule as we applied to
the minor in question should be and would be applied to the mar-
ried woman about whom you inquire. Since the husband's residence

becomes the residence of the wife, as was definitely held in the case of Schwartz v. West, supra, and since the husband has been a resident of Texas for more than four years since his marriage, his wife has also been a resident for the same length of time. In our opinion she is therefore eligible for employment in your department.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Geo. W. Barcus
ASSISTANT

GWB-MR